UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                        Case No. 02-81141-01

-vs-                                   HON. AVERN COHN

GAYLON LUNN,

    Defendant.
_____/

## **AMENDED ORDER DENYING MOTION TO EXPUNGE CRIMINAL RECORD**

I.

This is a criminal case. In 2003, defendant was convicted, following a guilty plea, of conspiracy to distribute and to possess with intent to distribute marijuana[1], in violation of 18 U.S.C. § 846 and § 841(a)(1). He was sentenced to three years probation. Defendant has served his period of probation.

Before the Court is defendant's motion to expunge his record.[2] For the reasons that follow, the motion will be denied.

II.

Defendant says he has been a law-abiding citizen since and active in his church

---

[1] The original order of April 14, 2011 indicated cocaine.

[2] Although the Court requested that the government file a response to the motion, see Doc. 25, the Court determines no response is necessary. Moreover, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

and community. He seeks to expunge his conviction because it limits the opportunities to provide for himself and his family. Although the Court applauds defendant's productive life and understands the difficulties associated with a criminal record, the Court lacks authority to expunge his conviction. First, while several statutes permit expungement motions, none of the them apply to defendant's case. See 18 U.S.C. § 3607(c) (allowing expungement for a conviction of simple drug possession under 21 U.S.C. § 844; 5 U.S.C. § 552a(g) (expungement to correct inaccurate government records); 42 U.S.C. § 14132(d); 10 U.S.C. § 1565(e) (expungement of DNA records). Moreover, the Court of Appeals for the Sixth Circuit has recently held that in the absence of an applicable statute, a district court lacks jurisdiction to entertain an expungement motion. United States v. Lucido, 612 F.3d 871 (6th Cir. 2010). See also United States v. Childs, No. 93-80302, 2011 WL 768068 (E.D. Mich. Feb. 28, 2011) (denying motion to expunge embezzlement of bank funds conviction); United States v. Brooks, No. 71-46067, 2011 WL 66467 (E.D. Mich. Jan. 10, 2011) (denying motion to expunge armed bank robbery conviction).

Accordingly, defendant's motion is DENIED.

SO ORDERED.

Dated: August 23, 2012
    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Gaylon Lunn, P.O. Box 10471, Detroit, MI 48210 and the attorneys of record on this date, August 23, 2012, by electronic and/or ordinary mail.
    S/Julie Owens
    Case Manager, (313) 234-5160